```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

DIANE M. KENNEDY,              )   CIVIL NO. 17-00039 HG-RLP
                               )
            Plaintiff,         )
                               )
      vs.                      )
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security,                      )
                               )
            Defendant.         )
_____)
```

**ORDER REVERSING THE DECISION OF THE SOCIAL SECURITY ADMINISTRATION COMMISSIONER AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

This case involves the appeal of the Social Security Administration Commissioner's denial of Disability Insurance Benefits to Plaintiff Diane M. Kennedy.

On September 3, 2013, Plaintiff filed an application for Disability Insurance Benefits pursuant to Title II of the Social Security Act. Plaintiff claims she has been disabled and unable to work since September 18, 2013, due to anxiety and severe depression with suicidal ideation.

The Social Security Administration denied her initial application. Following an administrative hearing, the Administrative Law Judge held that Plaintiff is not disabled and found that Plaintiff is able to perform work in the national economy.

On appeal, Plaintiff argues that the Administrative Law Judge erred and requests a remand to the agency.

The Court **REVERSES** the decision of the Social Security Administration Commissioner and **REMANDS** the case for further evaluation.

Remand is necessary to allow the Administrative Law Judge to address the opinions of Psychologist Dennis Perez and Nurse Practitioner Karen Sheppard.

## **PROCEDURAL HISTORY**

On September 3, 2013, Plaintiff Diane M. Kennedy filed an application for Disability Insurance Benefits with the Social Security Administration. (Administrative Record ("AR") at 19, 158-59, ECF No. 10).

On February 18, 2014, the Social Security Administration denied Plaintiff's initial application. (AR at pp. 76-84).

On June 13, 2014, the Administration denied her request for reconsideration. (AR at pp. 85-96).

Following the denial of Plaintiff's request for reconsideration, she sought a hearing before an Administrative Law Judge ("ALJ"). (AR at p. 110).

On August 11, 2015, an ALJ conducted a hearing on Plaintiff's application. (AR at pp. 33-75).

On October 13, 2015, the ALJ issued a written decision

denying Plaintiff's application. (AR at pp. 16-32).

Plaintiff sought review by the Appeals Council for the Social Security Administration. The Appeals Council denied further review of Plaintiff's application on November 30, 2016, rendering the ALJ's decision as the final administrative decision by the Commissioner of Social Security. (AR at pp. 1-6).

On January 27, 2017, Plaintiff sought judicial review of the Commissioner of Social Security's final decision to deny her application for Disability Benefits in this Court pursuant to 42 U.S.C. § 405(g). (Complaint for Review of Social Security Disability Insurance Determination, ECF No. 1).

On March 28, 2017, the Magistrate Judge issued a briefing schedule. (ECF No. 12).

On May 23, 2017, Plaintiff filed PLAINTIFF'S OPENING BRIEF. (ECF No. 13).

On June 22, 2017, the Defendant filed DEFENDANT'S ANSWERING BRIEF. (ECF No. 14).

On July 14, 2017, Plaintiff filed PLAINTIFF'S REPLY BRIEF. (ECF No. 15).

On August 31, 2017, the Court held a hearing on Plaintiff's appeal of the decision of the Social Security Administration Commissioner. (ECF No. 17).

On September 7, 2017, Plaintiff filed PLAINTIFF'S POST-HEARING BRIEF. (ECF No. 18).

On September 11, 2017, Defendant filed DEFENDANT'S SUPPLEMENTAL BRIEF. (ECF No. 19).

## **BACKGROUND**

**Plaintiff's Work History**

Plaintiff is a 64 year-old female. (Administrative Record ("AR") at p. 77, ECF No. 10). Plaintiff claims she has suffered from depression for about 40 years. (Id. at p. 183).

Plaintiff served in the United States Air Force from November 19, 1971 to May 18, 1973. (Id. at pp. 46, 184). Plaintiff worked waiting tables for a number of years after leaving the Air Force, and she later worked as a receptionist and in real estate. (Id. at p. 1468).

In 2000, Plaintiff received a Master's Degree in Transpersonal Counseling Psychology from Naropa University. (Id. at pp. 46, 1468). From 2000 to 2008, Plaintiff served as a substance abuse counselor in Colorado. (Id. at pp. 48, 176). In late 2008, Plaintiff moved to Hawaii. (Id. at pp. 48, 183).

Beginning in January 2009, Plaintiff worked as a drug and alcohol counselor on the island of Kauai. (Id. at p. 49). In November 2011, Plaintiff began working only four days per week due to depression and anxiety. (Id. at p. 183).

From August 2012 to February 2013, Plaintiff took a leave of absence from her job and went to an in-patient residential

treatment center in California to treat her severe depression. (Id. at pp. 50, 52, 183, 291).

After returning to Kauai, in September 2013, Plaintiff resigned from her position. (Id. at pp. 51, 55-56).

**The Social Security Administration's Review of Plaintiff's September 2013 Application For Disability Benefits**

Plaintiff's September 3, 2013 application for Social Security Administration Disability Insurance Benefits was initially denied on February 8, 2014. (Id. at pp. 19, 76).

Following the initial denial, Plaintiff moved for reconsideration. (Id. at pp. 106). On June 13, 2014, the Social Security Administration denied Plaintiff's motion for reconsideration. (Id. at pp. 85-96). On July 2, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at pp. 111-12).

On August 11, 2015, a hearing on Plaintiff's application for Social Security Administration Disability Benefits was held before an ALJ. (Id. at pp. 33-75). The ALJ denied Plaintiff's application for Disability Insurance Benefits. (Id. at p. 19-28).

Plaintiff claimed that she was disabled for a continuous period following September 18, 2013, due to a major depressive disorder, posttraumatic stress disorder with suicidal ideation, and a recurrent alcohol use disorder. (AR at p. 21, ECF No. 10).

5

The Administrative Law Judge ("ALJ") found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (AR at p. 22, ECF No. 10).

The ALJ determined that Plaintiff has mild restrictions in daily living and moderate difficulties in social functioning and concentration, but was not unable to work. (Id. at pp. 22-23).

The ALJ agreed with Plaintiff that she was not capable of performing her past relevant work as a drug and alcohol counselor. (Id. at pp. 26-27). The Administrative Law Judge found, however, that there was work that existed in significant numbers in the economy that Plaintiff could perform. (Id. at p. 27). The Administrative Law Judge relied on the testimony of a vocational expert to find that someone with Plaintiff's residual functional capacity could perform work as a Hand Packager, a Shipping and Receiving Weigher, and a Lamination Inspector. (Id. at pp. 27-28).

Plaintiff sought review of the Administrative Law Judge's decision with the Appeals Council. The Appeals Council declined Plaintiff's request for review and rendered the ALJ's decision as the final administrative decision by the Commissioner of Social Security. (Id. at pp. 1-3).

**STANDARD OF REVIEW**

A claimant is disabled under the Social Security Act if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 42 U.S.C. § 1382c(a)(3)(A); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

A decision by the Commissioner of Social Security must be affirmed by the District Court if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. See 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).

**ANALYSIS**

**I. Plaintiff's Work History Prior to Her Alleged On-Set Date of Disability on September 18, 2013**

Beginning in January 2009, Plaintiff was employed full-time by Hina Mauka, a provider of drug and alcohol treatment services

in the State of Hawaii. (Administrative Record ("AR") at p. 49, ECF No. 10). Plaintiff worked on the island of Kauai at Kapaa High School, where she served as a drug and alcohol counselor with teens. (Id.)

On March 3, 2011, Plaintiff was evaluated for depression by Nurse Practitioner Sheppard from the Department of Veterans Affairs on Kauai. The evaluation included a depression screening test that resulted in a diagnosis of severe depression. (Id. at p. 296).

In August 2012, Plaintiff stopped working due to depression and anxiety. Plaintiff went to the Women's Recovery Trauma Center, an in-patient residential treatment center, in Palo Alto, California. (Id. at pp. 50, 52, 183, 291).

Plaintiff remained in treatment for nearly six months and left the treatment center in February 2013. (Id. at p. 50). Plaintiff was discharged from the program in February 2013. (Id. at p. 385).

Plaintiff returned to Kauai and pursued treatment with Nurse Practitioner Sheppard as recommended following her in-patient treatment in California.

After three months, Plaintiff returned to work as a counselor in May 2013. (Id. at p. 55). Plaintiff explained that she worked a four-day work week for two months but she was unable to continue working due to her mental condition. (Id. at pp. 51,

55-56, 183).

On August 24, 2013, the Department of Veterans Affairs deemed Plaintiff was 100% disabled and scheduled Plaintiff for further evaluation in one year. (Id. at pp. 184-87).

On September 18, 2013, Plaintiff resigned from her counselor position and applied for Social Security Administration Disability Insurance Benefits. (Id. at p. 38).

**II. Plaintiff's Evaluations Following Her Alleged On-Set Disability Date Of September 18, 2013**

**A.  Evaluations By Nurse Practitioner Sheppard**

On October 31, 2013, Plaintiff began regular monthly mental health appointments with Nurse Practitioner Sheppard. (Id. at p. 1516). The medical records from the October 2013 appointment state that Plaintiff's "depression is chronic in nature and longstanding." (Id. at p. 1517).

Plaintiff attended appointments with Nurse Practitioner Sheppard on November 25, 2013, December 10, 2013, and January 13, 2014. (Id. at p. 1506-16).

At the January 13, 2014 appointment, Plaintiff indicated that she would be traveling to the mainland and abroad to Africa for five weeks and obtained her prescription medication in advance. (Id.)

Following her travel to Africa, Plaintiff continued her

monthly appointments with Nurse Practitioner Sheppard on February 28, 2014, March 12, 2014, May 2, 2014, June 17, 2014 and July 30, 2014. (<u>Id.</u> at pp. 1476, 1488-92, 1500-03).

Nurse Practitioner Sheppard formed the opinion that if Plaintiff returned to work "she would regress back into an abyss of 'deep' depression." (<u>Id.</u> at p. 1512). Sheppard found that Plaintiff "is no longer able to maintain employment as her symptoms become paralyzing and she struggles to get out of bed." (<u>Id.</u> at p. 1482).

**B.   Evaluation By Psychologist Dennis Perez**

On October 28, 2014, Plaintiff was evaluated by psychologist Dennis Perez, Ph.D., of the Department of Veterans Affairs. (<u>Id.</u> at p. 1466). Dr. Perez diagnosed Plaintiff with "Major Depressive Disorder recurrent severe." (<u>Id.</u>) Dr. Perez reviewed the entirety of Plaintiff's medical records from the Department of Veterans Affairs. (<u>Id.</u> at p. 1467). Dr. Perez concluded that Plaintiff's chronic mental health conditions render her unable to work as they amount to "total occupational and social impairment." (<u>Id.</u>)

Following Dr. Perez's examination, on November 4, 2014, Plaintiff was awarded 100% permanent disability benefits from the Department of Veterans Affairs as a result of her Major Depressive Disorder, Recurrent, with Severe Suicidal Ideation.

(Id. at p. 1599).

## III. Plaintiff's Daily Activities Following September 18, 2013

Plaintiff engaged in a variety of activities following her alleged onset date of disability of September 18, 2013. Plaintiff traveled extensively. In January and February 2014, Plaintiff traveled to Africa for five weeks. (Id. at p. 1081). There is no clear evidence in the record if Plaintiff traveled with someone else on the trip to Africa or if she traveled to Africa for five weeks by herself.

In April 2014, Plaintiff traveled to Los Angeles. In August 2014, she temporarily moved to Tucson, Arizona, and also traveled to Colorado to help a friend dismantle a horse farm. (Id. at p. 1383). In October 2014, she traveled to Florida.

Plaintiff continued to travel extensively in 2015 and 2016. In February 2015, Plaintiff went on a cruise. In 2016, she traveled to Seattle, Los Angeles, and Denver.

Despite her extensive travel, Plaintiff testified that she cannot work and struggles with daily activities. Plaintiff stated that she can cook but does not do much cleaning. (Id. at pp. 61-62). Plaintiff explained that when she goes grocery shopping she has to just "get in and get out" because if there are a lot of people she gets anxious and overwhelmed. (Id. at p. 69). Plaintiff stated that she cannot go to malls or places with

11

a lot of people. (Id.)

**IV. Applicable Law**

The Social Security Administration has implemented regulations establishing when a person is disabled so as to be entitled to benefits under the Social Security Act, 20 C.F.R. § 404.1520; 42 U.S.C. § 423. The regulations establish a five-step sequential evaluation process to determine if a claimant is disabled. The Commissioner of the Social Security Administration reviews a disability benefits claim by evaluating the following:

(1) Has the claimant been engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Has the claimant's alleged impairment been sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. § 404.1520).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001).

**V.   The Administrative Law Judge Reviewed Plaintiff's Application By Using The Five-Step Sequential Evaluation**

At Plaintiff's August 11, 2015 administrative hearing, the Administrative Law Judge ("ALJ") for the Social Security Administration reviewed Plaintiff's claim by engaging in the five-step sequential evaluation.

The Parties agree there were no errors in the first three steps of the administrative review process.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged disability date of September 18, 2013. (Administrative Record at p. 21, ECF No. 10).

At step two, the ALJ found that Plaintiff has the following severe impairments: a major depressive disorder, a posttraumatic stress disorder, and an alcohol use disorder (recurrent). (Id.)

At step three, the ALJ analyzed if Plaintiff's impairments qualified as a "Listed Impairment" as provided in the regulations. Specifically, the ALJ analyzed regulations 12.04 ("Depressive, bipolar and related disorders"), 12.06 ("Anxiety

and obsessive-compulsive disorders"), and 12.09 ("Substance addiction disorders"). (Id. at 22-23).

The ALJ found that Plaintiff had mild restrictions in daily living and moderate difficulties in social functioning and concentration, persistence, and pace. (Id. at p. 22). The ALJ found that Plaintiff's mental impairments did not cause at least two "marked" limitations and she did not have any episodes of decompensation that would equal a Listed Impairment for purposes of step three of the five-step process.

The Parties disagree as to the ALJ's evaluations at steps four and five in the administrative review process.

At step four, the ALJ reviewed the record and made a finding as to Plaintiff's residual functional capacity. The ALJ found that Plaintiff could not perform her past work but she could perform a full range of work at all exertional levels but with some limitations. (AR at p. 23, ECF No. 10).

At step five, the ALJ inquired with the vocational expert to evaluate if there were other jobs that Plaintiff could perform. The ALJ found that someone with Plaintiff's limitations could perform work as a Hand Packager, a Shipping and Receiving Weigher, and a Lamination Inspector. (Id. at pp. 27-28).

Plaintiff's appeal challenges the ALJ's findings on three main issues.

First, Plaintiff argues that the ALJ did not properly

consider the opinion of examining psychologist Dr. Dennis Perez.

<u>Second</u>, Plaintiff asserts that the ALJ did not properly consider the opinion of Plaintiff's treating medical professional, Nurse Practitioner Karen Sheppard.

<u>Third</u>, Plaintiff argues that the ALJ erred by finding her not credible as to the number of days per month that she would miss work due to her anxiety and depression.

**VI. The ALJ Did Not Err In Finding Plaintiff Not Credible As To The Extent Of Her Impairment**

An ALJ may discredit the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008). The findings must be sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002).

Plaintiff objects to the ALJ's finding that she was not credible as to her testimony that her depression and anxiety prevented her from working at all.

There was no error in the ALJ's finding. The ALJ found that "the record demonstrates that the claimant is partially credible as to the severity of her symptoms, but to the extent she is disabled from all work activity, she is not credible." (AR at p. 26, ECF No. 10). The ALJ explained that "she has been able to

15

travel extensively and be with friends, and she has shown good adaptation skills with travel and sustaining a schedule." (Id.)

The record reflects that Plaintiff engaged in extensive travel to Africa (id. at pp. 1070, 1081), Los Angeles (id. at p. 1495), Colorado (id. at p. 1383), Florida (id. at p. 1354), and on a cruise, all following her alleged on-set date of disability in September 2013. (Id. at p. 1273).

The record shows significant evidence of good mental functioning during that time. (Id. at pp. 290, 302, 312, 1077-78, 1084, 1369, 1378-79, 1393, 1801).

The Court finds the ALJ did not err in declining to credit the Plaintiff's testimony that she was unable to work at all.

**VII. Remand Is Appropriate To Enable The ALJ To Property Consider The Examining Health Professionals' Opinions Regarding Plaintiff's Limitations**

Plaintiff argues that the ALJ did not properly consider the opinions of her examining psychologist and her treating nurse practitioner.

Remand is required on a limited basis for the ALJ to examine the opinions of Psychologist Dennis Perez and Nurse Practitioner Karen Sheppard.

**A. Dr. Perez's Opinion**

The ALJ is required to develop the record and evaluate the

medical opinions provided. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

On October 28, 2014, Plaintiff was evaluated by Dr. Dennis Perez, Ph.D., a psychologist with the Department of Veterans Affairs. (AR at p. 1466, ECF No. 11). Dr. Perez diagnosed Plaintiff with "Major Depressive Disorder recurrent severe." (Id.) Dr. Perez concluded that Plaintiff's chronic mental health conditions render her unable to work as they amount to "total occupational and social impairment." (Id. at 1469).

Here, the ALJ did not provide a specific assessment of Dr. Perez's medical opinion in the record. The Ninth Circuit Court of Appeals recently held in Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015), that an ALJ is required to specifically address an examining doctor's opinion. See Montalbo v. Colvin, 231 F.Supp.3d 846, 856-57 (D. Haw. 2017) (finding that ALJ committed legal error by failing to address the opinions of the treating and examining doctors).

Remand is required to allow the ALJ to evaluate the medical opinion of Dr. Perez. 20 C.F.R. § 404.1527(c)(2); Trevizo v. Berryhill, ___ F.3d ___, 2017 WL 4053751, *7-*8 (9th Cir. 2017).

**B. Nurse Practitioner Karen Sheppard's Opinion**

Nurse practitioners are generally not considered to be

17

"medical sources."[1]  Britton v. Colvin, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam).  The opinion of a nurse practitioner is defined as  an "other source" opinion by the federal regulations.  20 C.F.R. § 404.1527(d).

The Ninth Circuit Court of Appeals has specifically held that a nurse practitioner's opinion can provide evidence about the severity of the claimant's impairments and how it affect the claimant's ability to work.  Garrison v. Colvin, 759 F.3d 995, 1013-14 (9th Cir. 2014).  The testimony of a nurse practitioner may be discounted by the ALJ if he "gives reasons germane to each witness for doing so."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ did not explain the weight given to Nurse Practitioner Sheppard's opinions.  20 C.F.R. § 404.1527(f)(2).

On August 18, 2017, the Ninth Circuit Court of Appeals

---

[1] The Social Security Administration has issued new regulations that are applicable to cases filed on or after March 27, 2017.  A nurse practitioner is now considered an acceptable medical source under the new regulations.  This case was filed prior to March 27, 2017, and the previous definition of acceptable medical sources applies.  See 20 C.F.R. § 404.1502(a)(7) (effective March 27, 2017).

A nurse practitioner's opinion may still be considered a "medical source" rather than an "other source" opinion in limited circumstances.  The Ninth Circuit Court of Appeals has found that a nurse practitioner's opinion is considered a "medical source" where the nurse practitioner worked so closely under a physician that she was acting as the physician's agent.  Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996); see Britton v. Colvin, 787 F.3d 1011, 1013 n.4 (9th Cir. 2015).

reversed and remanded a decision with similar facts in Popa v. Berryhill, ___ F.3d ___, 2017 WL 3567827, *4 (9th Cir. Aug. 18, 2017). The appellate court found that the ALJ erred when it rejected the opinion of the claimant's nurse practitioner who was the primary care medical provider for the claimant and saw her on a regular basis for more than two years. Id. at *5.

Remand is required to allow the ALJ to explain the weight afforded to the nurse practitioner's opinion and to provide any "germane reasons" for disregarding her opinion. See McLaughlin v. Berryhill, 679 Fed. Appx. 560, 561 (9th Cir. 2017) (citing Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101, 1107 (9th Cir. 2014)).

## **CONCLUSION**

The Commissioner of Social Security Administration's decision is **REVERSED AND REMANDED** for further proceedings

//
//
//
//
//
//
//

consistent with this Order.

    IT IS SO ORDERED.

    DATED: September 19, 2017, Honolulu, Hawaii.



/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Diane M. Kennedy v. Nancy A. Berryhill, Acting Commissioner of Social Security; Civ. No. 17-00039 HG-RLP; **ORDER REVERSING THE DECISION OF THE SOCIAL SECURITY ADMINISTRATION COMMISSIONER AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**